IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Aaron E. Young, | Case No: 2:15-cv-3019 |
|     Plaintiff, | Judge Graham |
| v. | |
| Chad Hunt, | Magistrate Judge Kemp |
|     Defendant. | |

| | |
|---|---|
| Charles Horn, | Case No: 2:15-cv-220 |
|     Plaintiff, | Judge Graham |
| v. | |
| Chad Hunt, | Magistrate Judge Kemp |
|     Defendant. | |

Opinion and Order

    This matter is before the court on the unopposed motion of defendant Chad Hunt to consolidate two actions brought against him by inmates Aaron Young and Charles Horn. Hunt is allegedly an employee of a food service company that the Ohio Department of Rehabilitation and Correction retains to provide food service at Ohio's correctional institutions.

    Under Federal Rule of Civil Procedure 42, a court may consolidate actions that "involve a common question of law or fact." Fed. Rule Civ. P. 42(a). Consolidation under Rule 42 is a matter within the discretion of the trial court, which should consider the potential judicial economy achieved by consolidation, the "risks of prejudice and possible confusion" which might result from consolidation, and the "risk of inconsistent adjudications of common factual and legal issues" which might result from not consolidating. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993) (internal quotation marks omitted).

    Defendant correctly observes that the complaints in both actions assert a First Amendment retaliation claim stemming from an alleged incident on October 1, 2014 at the Correctional

Reception Center in Orient, Ohio.  According to Horn's complaint, Horn and Hunt engaged in a verbal dispute over Hunt's refusal to wear gloves while handling food.  According Young's complaint, Young and Horn engaged in a verbal dispute with Hunt after they asked him to put on gloves while he was checking food temperatures and he told them that he was not required to do so.

Horn's complaint alleges that Horn informed Hunt of his intention to file a grievance against him for failing to wear gloves while handling food.  Thereafter, his complaint further alleges, Hunt told inmates and staff members that Horn was a "snitch."  Likewise, Young's complaint alleges that Young and Horn informed Hunt of their intention to file a grievance against him.  The complaint further alleges that Hunt told inmates and staff members that Young and Horn were snitches.

The court finds that consolidation of the two actions is appropriate.  Both actions arise from the same series of alleged events – plaintiffs' request that Hunt wear gloves, Hunt's refusal, plaintiffs' statement to Hunt that they would file a grievance, and Hunt's labeling of plaintiffs as snitches to inmates and staff members.  The two actions are likely to have substantial overlap in the evidence and witnesses relating to these events.  Further, both actions present the same theory of retaliation under the First Amendment, and defendant is likely to raise legal defenses common to both plaintiffs.

The court notes that each complaint contains an additional factual allegation that is particular to each plaintiff.  Horn alleges that soon after the October 1, 2014 incident, he was in a fight with an inmate who warned Horn that there would be "more problems coming his way" if "he continued to snitch" on Hunt.  Young alleges that on March 11, 2015, after he objected to a certain food item being put on his tray, Hunt responded, "I don't care, snitch."  At this early stage, these allegations of separate conduct that followed from the October 1, 2014 incident do not appear to pose a significant risk of prejudice or confusion in the resolution of these actions.  But if during the course of litigation a party believes that he has found good cause for believing that such a risk of prejudice or confusion does exist, he may move to sever the actions.

Accordingly, defendant's motion to consolidate (doc. 11) is GRANTED.

s/ James L. Graham<br>
JAMES L. GRAHAM<br>
United States District Judge

DATE: June 24, 2016