```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Charles Horn,                     :

      Plaintiff,              :

   v.                             :  Case No. 2:15-cv-220

                                    :  JUDGE JAMES L. GRAHAM
Chad Hunt,                           Magistrate Judge Kemp
                                    :
      Defendant.              :


Aaron E. Young,                   :

      Plaintiff,              :
                                       Case No. 2:15-cv-3019
   v.                             :
                                       JUDGE JAMES L. GRAHAM
Chad Hunt,                        :  Magistrate Judge Kemp

      Defendant.              :

## REPORT AND RECOMMENDATION AND ORDER

    These consolidated cases are prisoner civil rights cases arising out of an alleged incident at the Correctional Reception Center in October, 2014. By order dated February 28, 2017, Case No. 2:15-cv-220 was dismissed for failure to prosecute. See Doc. 53 in Case No. 2:15-cv-220 and Doc. 44 in Case No. 2:15-cv-3019. Currently before the Court are several pending motions relating to Case No. 2:15-cv-3019. These motions include defendant Chad Hunt's motion for extension of time to complete discovery (Doc. 16); motion for judgment on the pleadings (Doc. 17); motion for summary judgment (Doc. 25); motion for a protective order (Doc. 36); motion to strike (Doc. 40); and motion to stay (Doc. 43). Also before the Court are Plaintiff Aaron Young's motion to compel discovery (Doc. 18); motion for an extension of time (Doc. 23); motion for service of a subpoena by the United States

Marshal (Doc. 27); motion for an extension of time to respond to the motion for judgment on the pleadings (Doc. 31); motion for further discovery (Doc. 33); cross-motion for summary judgment (Doc. 39); motion to strike (Doc. 47); and motion for sanctions (Doc. 48).  For the following reasons, the Court will recommend that Mr. Hunt's motion for judgment on the pleadings be denied. The Court resolves the remaining motions as follows.

I.  <u>Facts</u>

Mr. Young's amended complaint, filed on March 2, 2016, alleges the following facts, restated here verbatim:

> 5.  At all times herein, Young and Charles Horn (Horn) worked in the psychiatric hospital at CRC.
>
> 6.  On 10-01-14, Hunt was in the hospital unit checking the food temperatures.
>
> 7.  Young and Horn asked Hunt to put on gloves while checking the food temperature.  Hunt tell Young and Horn that he does not have to wear gloves.
>
> 8.  Young recites the policy to Hunt that mandates him to wear gloves.
>
> 9.  Hunt began to scream that he did not have to adhere to ODRC Policies.
>
> 10.  Young and Horn inform Hunt that they were going to launch a complaint against him for failing to adhere to policy.
>
> 11.  Later that day, and days following, numerous inmates approach Young and inform him that Hunt was in the dining hall telling them and other inmates and Aramark staff members that he and Horn were snitches because they were going to launch complaints.
>
> 12.  Young's religion prohibits him from eating meat that in not halal.  On 3-11-15, chopped-up meat was placed in the beans that was being served in the prison dining hall.  Young was going through the dining hall line when he asked an inmate not to put beans on his food tray.

> 13. Hunt tells Young that he was going to get everything on his food tray. When Young tells him that his religious diet prohibit it, Hunt states to Young, "I don't care, snitch. Go tell about that."
>
> 14. Thereafter, again, an inmate approaches Young and tell him that Hunt him (the inmate) that he was a snitch.

Further, his prayer for relief states:

> 17. By labeling Young a snitch after he informed Hunt that he was going to launch a complaint against him, Hunt violates Young's First Amendment right secured by the United States Constitution.

## II. The Dispositive Motions

As indicated, there are three dispositive motions currently pending - Mr. Hunt's motion for judgment on the pleadings and motion for summary judgment and Mr. Young's cross-motion for summary judgment. Only one of these motions, the motion for judgment on the pleadings, has been fully briefed. Because the resolution of this motion could preclude the need to address the various issues surrounding the motions for summary judgment, the Court will address it first.

### A. Motion for Judgment on the Pleadings

Mr. Hunt raises the following arguments in support of his motion. First, he asserts that the right to be free from retaliation for threatening to file a grievance was not clearly established in October, 2014. Stated another way, he contends that it was not clearly established at the time of the incident that forms the basis of Mr. Young's complaint that a prisoner's threat to file a grievance was protected conduct. Further, he explains that an isolated incident, five months after Mr. Young filed a grievance, where Mr. Hunt called him a snitch lacks the temporal proximity necessary to demonstrate retaliation. For these reasons, he contends, Mr. Young's First Amendment

3

retaliation claims cannot succeed.

Additionally, Mr. Hunt argues that Mr. Young has not stated a First Amendment free exercise claim arising from one incident where he received a daily food offering conflicting with his religion.  Finally, he contends that, to the extent Mr. Young may be attempting to assert an Eighth Amendment claim, his allegations do not include physical harm.  In his reply, Mr. Hunt argues for the first time that threatening to file a grievance against a prison official for breaking a prison policy that has no adverse impact on the prisoner is patently frivolous under Thaddeus-X v. Love, 215 F.3d 1327 (6th Cir. 2000).

Mr. Young's response can be summarized in this way.  First, Mr. Young asserts that it was clearly established in October, 2014, that a prisoner's threat to file a grievance was protected conduct for purposes of a First Amendment retaliation claim.  Further, he contends that he has direct evidence that there is a connection between his filing of a grievance in October, 2014 and Mr. Hunt's calling him a snitch on March 11, 2015, which would be better left to summary judgment.  Finally, Mr. Young explains that he has not asserted a First Amendment free exercise claim or an Eighth Amendment claim.

Mr. Young also filed a sur-reply directed to the new argument raised in Mr. Hunt's reply.  He contends that Thaddeus-X v. Love is distinguishable here because Mr. Hunt was a member of the food service staff and his failure to wear gloves could result in inmate harm.

### 1. Legal Standard

A motion for judgment on the pleadings filed under Fed.R.Civ.P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979).  In ruling upon such motion, the Court must accept as true

all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6); that is, the Court must separate factual allegations from legal conclusions, and may consider as true only those factual allegations which meet a threshold test for plausibility. See, e.g., Tucker v. Middleburg-Legacy Place, 539 F.3d 545 (6th Cir. 2008), citing, inter alia, Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007). It is with these standards in mind that the instant motion must be decided.

## 2. Analysis

The Court begins its analysis with a discussion of the precise nature of Mr. Young's claim as alleged in the amended complaint. In the Opinion and Order consolidating these cases, the Court described Mr. Young's claim in this way:

> ... the complaints in both actions assert a First Amendment retaliation claim stemming from an alleged incident on October 1, 2014 at the Correctional Reception Center in Orient, Ohio. ... According [to] Young's complaint, Young and Horn engaged in a verbal dispute with Hunt after they asked him to put on gloves while he was checking food temperatures and he told them that he was not required to do so.
>
> ... Likewise, Young's complaint further alleges that Young and Horn informed Hunt of their intention to file a grievance against him. The complaint further alleges that Hunt told inmates and staff members that Young and Horn were snitches.
>
> ... Both actions arise from the same series of alleged events - plaintiffs' request that Hunt wear gloves, Hunt's refusal, plaintiffs' statement to Hunt that they would file a grievance, and Hunt's labeling

5

>    of plaintiffs as snitches to inmates and staff members.
>    ...
>
>       ... The court notes that each complaint contains
>    an additional factual allegation that is particular to
>    each plaintiff.  Horn alleges that soon after the
>    October 1, 2014 incident, he was in a fight with an
>    inmate who warned Horn that there would be "more
>    problems coming his way" if "he continued to snitch" on
>    Hunt.  Young alleges that on March 11, 2015, after he
>    objected to a certain food item being put on his tray,
>    Hunt responded, "I don't care, snitch." ...

See Opinion and Order, Doc. 13.

As the Court's previous discussion indicates, a fair reading of Mr. Young's claim indicates that it is premised on his threat to file a grievance against Mr. Hunt.  Consequently, to the extent Mr. Hunt appears to construe Mr. Young's complaint as asserting a second retaliation claim arising from the eventual filing of the grievance Mr. Young threatened to file, the Court will not consider such a claim.  This is so despite Mr. Young's suggestion in his response that this is an issue to be addressed on summary judgment.  Further, based on Mr. Young's representations, the Court will not consider the amended complaint as raising any First Amendment free exercise or Eighth Amendment claims.

Turning to the retaliation claim arising from Mr. Young's threat to file a grievance, Mr. Hunt contends that in October, 2014, it was not clearly established that a threat to file a grievance constituted protected conduct.  This issue is generally raised within the framework of a qualified immunity defense.  See Hall v. Sweet, – Fed.Appx. –, 2016 WL 7321363, *5 (6th Cir. Dec. 16, 2016)("We follow a two-part inquiry to determine when a grant of qualified immunity is proper.  To survive a qualified immunity defense, the facts as alleged must show that the defendant violated a constitutional right and that the right was 'clearly established' at the time of the event." (citations omitted)).  In

making this argument, however, Mr. Hunt does not frame it as the affirmative defense of qualified immunity.  Nor has he pled such a defense in his answer to the amended complaint.  "'[G]enerally, a failure to plead an affirmative defense ... results in the waiver of that defense,'" Henricks v. Pickaway Correctional Inst., 782 F.3d 744, 750 (6th Cir. 2015), quoting Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994).  However, "'a waiver need not waive the defense for all purposes but would generally only waive the defense for that stage at which the defense should have been asserted.'"  Id. at 752, quoting English v. Dyke, 23 F.3d 1086, 1090 (6th Cir. 1994).  Because Mr. Hunt has not raised properly the affirmative defense of qualified immunity, the Court will not consider it.  Consequently, the motion for judgment on the pleadings will not be granted on this ground.

 The other issue related to Mr. Young's claim, as clarified by the Court, raised by Mr. Hunt in connection with his motion for judgment on the pleadings is that Mr. Young threatened to file a grievance that was patently frivolous.  Ordinarily, "a reply brief is not the proper place to raise an issue for the first time."  United Telephone Co. of Ohio v. Ameritech Services, Inc., 2011 WL 53462, *3 n.2 (S.D. Ohio Jan. 7, 2011).  Mr. Young's sur-reply, although filed without leave of Court, addresses this issue.  Under this circumstance the Court will consider Mr. Hunt's argument.

 To the extent that Mr. Hunt relies on Thaddeus-X v. Love to support his position, the Court is not persuaded.  As Mr. Young notes, the facts of that case are readily distinguishable.  In Love, the prisoner threatened to file a grievance against a prison guard who was eating at his desk in violation of prison policy.  In finding the prisoner's threatened grievance to be frivolous, the Court of Appeals explained that the violation of

this particular prison policy had no adverse impact on the prisoner.

Here, however, Mr. Young contends that Mr. Hunt was handling food without wearing gloves in violation of prison food safety regulations. Mr. Young asserts that this created the potential for cross-contamination of food and corresponding harm to his health. Prison officials are obligated to provide "humane conditions of confinement," "guarantee the safety of inmates," and "ensure that inmates receive adequate food." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). Prison food safety regulations would seem to be consistent with these obligations. As a result, the Court cannot conclude, at least at the pleading stage, that an inmate's threat to file a grievance over the failure of a prison employee to follow a prison regulation addressed to food safety is patently frivolous. Consequently, the motion for judgment on the pleadings will be denied.

                B.   <u>Cross-Motions for Summary Judgment</u>

Mr. Young has not filed a response to Mr. Hunt's motion for summary judgment. Instead, he filed a motion to seek further discovery and a cross-motion for summary judgment. The former motion prompted Mr. Hunt to file a motion for a protective order. Likewise, Mr. Hunt has not responded to Mr. Young's cross-motion for summary judgment. Instead, he filed a motion to strike and a motion to stay. Mr. Young filed a motion for sanctions in response to the motion to strike. Mr. Young also filed a motion to strike the motion to stay. The Court will address these non-dispositive motions in turn.

With respect to Mr. Young's motion to seek further discovery, Mr. Young relies on Rule 56 in stating that he needs to direct additional interrogatories to Mr. Hunt in order to adequately respond to Mr. Hunt's motion for summary judgment. Although he has submitted an affidavit, he has not specified what

additional facts he would seek in order to respond to the motion for summary judgment. Rather, he states only, "I need additional time to submit interrogatories to Hunt, to establish facts." See Doc. 33, Affidavit of Plaintiff Aaron E. Young, ¶3. This is insufficient to comply with Fed.R.Civ.P. 56(d). See Fletcher v. Sheets, 2011 WL 3861831, *2 (S.D. Ohio Aug. 30, 2011)(the affidavit must indicate the party's need for discovery, material facts it seeks to uncover and why it has not previously discovered this information)(citations omitted). For this reason, the motion for an extension of the discovery deadline will be denied and Mr. Young will be directed to respond to Mr Hunt's motion for summary judgment. Accordingly, Mr. Hunt's motion for a protective order will be denied as moot.

With respect to Mr. Hunt's motion to strike, Mr. Hunt contends that Mr. Young's cross-motion for summary judgment should be stricken as untimely, having been filed without leave of court 57 days after the dispositive motion deadline. The motion to strike is without merit. Any argument regarding the timeliness of Mr. Young's motion can be raised in Mr. Hunt's response. Consequently, the motion to strike will be denied and Mr. Hunt will be directed to respond to Mr. Young's cross-motion for summary judgment. Additionally, Mr. Young's motion for sanctions relating to the motion to strike will be denied.

In light of this, Mr. Hunt's motion to stay and Mr. Young's motion to strike that motion will be denied as moot.

### III. Remaining Motions

Consistent with all of the above, the Court will resolve the remaining motions as follows.

Mr. Hunt's motion for an extension of time to extend the discovery and dispositive motion deadlines will be denied as moot.

Mr. Young's motion to compel seeking responses to

interrogatories and requests for production will be denied as moot. Mr. Hunt filed a notice on November 30, 2016, indicating that he has responded to Mr. Young's discovery requests. Mr. Young has not challenged this representation.

On December 15, 2016, Mr. Young filed a motion seeking to have the United States Marshal serve a discovery subpoena. The discovery deadline in this case was October 31, 2016. Considered to be pre-trial discovery, Rule 45 subpoenas must be served within the designated discovery period, unless they satisfy narrow exceptions not applicable here. <u>Ying Liu v. Next Step Resources of Ohio, Inc.</u>, 2013 WL 394518, *1 (S.D. Ohio Jan. 31, 2013). Consequently, the motion will be denied.

Mr. Young's motion to extend the dispositive motion deadline and for leave to file a delayed response in opposition to Mr. Hunt's motion for judgment on the pleadings will be denied as moot.

V. <u>Recommendation and Order</u>

For the reasons stated above, the Court recommends that the motion for judgment on the pleadings (Doc. 17) be denied. The following motions are denied as moot: motion for extension of time (Doc. 16); motion to compel (Doc. 18); motion for extension of time to file dispositive motion (Doc. 23); motion for leave to file a delayed reply (Doc. 31); motion for a protective order (Doc. 36); motion to stay (Doc. 43); and the motion to strike (Doc. 47). Further, the following motions are denied: the motion for the United States Marshal to serve a subpoena (Doc. 27); the motion to seek further discovery (Doc. 33); the motion to strike (Doc. 40); and the motion for sanctions (Doc. 48). The cross-motions for summary judgment (Docs. 25 and 39) remain pending. Responses to these motions shall be filed within 21 days. Replies shall be filed within 14 days thereafter.

<u>PROCEDURE ON OBJECTIONS TO REPORT AND RECOMMENDATION</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

## MOTIONS FOR RECONSIDERATION OF ORDER

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for

reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                                           /s/ Terence P. Kemp
                                                           United States Magistrate Judge